AO 241 (Rev. 09/17)

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
## HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: EASTERN | |
|---|---|---|
| Name (under which you were convicted): <br> Corey Brandon Morrison | | Docket or Case No.: |
| Place of Confinement : Hutchins <br> 1500 E. Langdon RD <br> Dallas, Tx 75241 | Prisoner No.: <br> 02440227 | |
| Petitioner (include the name under which you were convicted) <br> Corey Brandon Morrison | v.    Respondent (authorized person having custody of petitioner) <br> State Of Texas | |
| The Attorney General of the State of: Texas | | |

## PETITION

1.    (a) Name and location of court that entered the judgment of conviction you are challenging:

   115th Judicial District Court Marion County, Texas

   (b) Criminal docket or case number (if you know): F15259

2.    (a) Date of the judgment of conviction (if you know): 3-9-2023

   (b) Date of sentencing: 2-28-2023

3.    Length of sentence: 10 years

4.    In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☑ No

5.    Identify all crimes of which you were convicted and sentenced in this case:

   Aggravated Assault with a deadly weapon

6.    (a) What was your plea? (Check one)

   ☑ (1)   Not guilty     ☐ (3)   Nolo contendere (no contest)

   ☐ (2)   Guilty        ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes   ☑ No

8. Did you appeal from the judgment of conviction?

☑ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: Texas Court of Appeals for the Sixth Appellate District of Texas

(b) Docket or case number (if you know): No. 06-23-00045-CR

(c) Result: Affirm the trial court's judgment

(d) Date of result (if you know): August, 16, 2023

(e) Citation to the case (if you know):

(f) Grounds raised: Evidence presented at trial insufficient to support the jury's verdict finding Appellant guilty of Aggravated Assault with a deadly weapon.

Trial court committed egregious harm when it failed to include an extraneous offense instruction during punishment.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)    (1) Name of court: _115th Judicial District Court Marion County Texas / Court of Criminal Appeals of Texas_

(2) Docket or case number (if you know): _CCA No. WR-95,612-01_

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _Application for 11.07 Writ of Habeas Corpus_

(5) Grounds raised: _Ineffective Assistance of Counsel during Plea negotiations, Ineffective Assistance of Counsel, Ineffective assistance of Appellate counsel, procedural due process mental incompetency, Ineffective assistance of trial Counsel, Prosecutorial misconduct, Jury seen handcuffs._

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _Denied without written order_

AO 241 (Rev. 09/17)

(8) Date of result (if you know):  6-5-2024

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: _____

(5) Grounds raised: _____

_____

_____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:   ☑ Yes   ☐ No

(2) Second petition:   ☐ Yes   ☐ No

(3) Third petition:   ☐ Yes   ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Mental incompetency Procedural due process - Ineffective Assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Morrison is hearing voices and tells Coriker to contact CIA. Coriker orders Competency evaluation, Morrison is found Competent in 2020. Morrison bails out and misses trial in 2021, resulting in felony 3 FTA. Morrison is charged with Interf w/ pub duties for attempting suicide. On 6-30-22 Morrison sister calls police for wellness check while Morrison is having a mental health episode, resulting in hospital visit and arrest for warrants. Coriker withdraws on 1-9-23. Fletcher meets Morrison 1 week before trial, is not prepared and delays trial. Morrison protests his innocence and tells him voices/God told him to go to trial and not take the stand. His family pleads for evaluations, explains mental health. Fletcher does not order Competency eval.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes  ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:  Natalie Anderson did my appeal and did not use my case input.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes  ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  Application for 11.07 Writ of Habeas Corpus

Name and location of the court where the motion or petition was filed:  Court of Criminal Appeals of Texas in Austin, Tx/115th Judicial District Court Marion County Texas

Docket or case number (if you know):  CCA No. WR-95,612-01

Date of the court's decision:  6-25-2024

Result (attach a copy of the court's opinion or order, if available):  Denied without written order.

(3) Did you receive a hearing on your motion or petition?  ☐ Yes  ☑ No

(4) Did you appeal from the denial of your motion or petition?  ☐ Yes  ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☐ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Court of Criminal Appeals of Texas is highest court in Texas

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One: Habeas Corpus 1107

**GROUND TWO:** Ineffective Assistance of Counsel - State of mind (insanity) defense claim

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Fletcher did not bring up state of mind (insanity) during the alleged crime for culpable mental state argument for lesser inclusion of deadly conduct, or for insanity defense. Despite several phone calls from Morrison's mother alerting him to Morrison's severe mental health illness, family history, and pleading with him to have Morrison Psychologically evaluated, Fletcher failed to investigate. Morrison has several documented mental health episodes and suicide attempts. Morrison has a history in CPS custody, committment to mental health inpatient Residential Treatment Centers, as mentioned in due process claim. Morrison was having another mental health episode at time of crime and arrest.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Natalie Anderson did my appeal and ignored my case input.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for 11.07 writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Court of Criminal Appeals of Texas in Austin, Tx

Docket or case number (if you know): CCA No. WR-95,612-01

AO 241 (Rev. 09/17)

Date of the court's decision: _6-05-2024_

Result (attach a copy of the court's opinion or order, if available): _Denied Without Written_
_Order_

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_Court of Criminal Appeals of Texas is highest court in Texas._

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two :

**GROUND THREE:** _Ineffective Assistance of Counsel during Plea Negotiations_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Prosecutor offered plea before jury selection of dismissal of Agg Ass w/ow if plea guilty to FTA for 8 years. Fletcher_
_conveyed assurance of lesser inclusion of deadly conduct, a 10 year max, or acquittal. He explained that if a_
_Morrison chose to select a jury, the offer would be off the table. Given Fletcher's advice, Morrison chose to select_
_a jury and decline the offer. Trial morning, Morrison was offered a reconsideration of plea offer but Fletcher_
_failed to explain details of the new plea to reconsider. Previous offer was off the table so Morrison didn't understand_
_the offer._

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Natalie Anderson did my appeal and my input and case strategy.

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Application for 11.07 writ of Habeas Corpus

Name and location of the court where the motion or petition was filed: Court of Criminal Appeals of Texas in Austin, TX /115th Judicial District Court Marion County Texas

Docket or case number (if you know): CCA No. WR-95, 612-01

Date of the court's decision: 6-25-2024

Result (attach a copy of the court's opinion or order, if available): Denial Without written order.

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☐ Yes    ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☐ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available): Denial without written ~~CCA, is highest court in Texas~~ order

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_CCA is highest Court in Texas_

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** _Ineffective Assistance of trial Counsel_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_Fletcher failed to prepare even obvious defense or case Strategy. In Fletcher's closing statements, Fletcher conceded Morrison's guilt and was hoping for a lesser verdict. lesser inclusion was denied by Judge after conveying assurance to Morrison. Fletcher failed to question witness about his false written statement and changed testimony. Fletcher failed to question Rhiel about false testimony that a key started the car. Pictures prove this is impossible. Fletcher did not allow Morrison mother nor sister to testify for trial. Fletcher failed to consider insanity defense._

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:  _Natalie Anderson did my appeal and ignored my input and case strategy._

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  _Application for 11.07 writ of Habeas Corpus_

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _Court of Criminal Appeals_

_in Austin Tx/115th Judicial District Court Marion County Texas_

Docket or case number (if you know): _CCA No. WR-95, 612-01_

Date of the court's decision: _6-25-2024_

Result (attach a copy of the court's opinion or order, if available): _Denied without written_

_order_

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_CCA is highest court in Texas._

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: _____

_____

**GROUND ~~FOUR~~ FIVE:** Deadly weapon finding challenge

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Morrison challenges deadly weapon finding. Rhiel testified that the screwdriver recovered at the scene was capable of causing bodily injury or death and that a person in Campbell's circumstances would believe imminent bodily injury was "possible and likely." Campbell could not testify that it was the same screwdriver.

_____

(b) If you did not exhaust your state remedies on Ground ~~Four~~ Five, explain why:    I read that in Texas, post conviction petitions should never be used to litigate matters that should have been raised on direct appeal, such as improper finding of weapon. The book is The Habeas Corpus Manual by Raymond E. Lumsden. I did not want my petition dismissed or denied so I did not raise this issue on 1107 but waited for this 2254. I pray you consider the claim.

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:    Natalie Anderson failed to raise this issue. Did not listen to my advice.

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes    ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?                                              ❐ Yes      ❐ No

(4) Did you appeal from the denial of your motion or petition?                                      ❐ Yes      ❐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?      ❐ Yes      ❐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241 (Rev. 09/17)

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?    ☐ Yes    ☑ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:    *In Texas, post conviction petitions should never be used to litigate matters that should have been raised on direct Appeal, such as improper finding of a weapon. I pray that you consider this claim. Deadly weapon finding challenge*

(b)    Is there any ground in this petition that has not been presented in some state or federal court?  If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

*Deadly weapon finding challenge. My understanding was not to raise issues in Texas post conviction petitions that should have been raised in direct Appeal. I pray that the Honorable Court consider claim.*

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?    ☐ Yes    ☑ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Timothy Cariker 103 E Houston Marshall, TX 75670

(b) At arraignment and plea: Tim Cariker 103 E. Houston Marshall, TX 75670
Craig Fletcher 203 West Austin St Marshall, Tx 75670

(c) At trial: Craig Fletcher 203 West Austin St Marshall, Tx 75670

(d) At sentencing: Craig Fletcher 203 West Austin St Marshall Tx 75670

(e) On appeal: Natalie Anderson PoBox 4699 longview, Tx 75606

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        ☐ Yes    ☑ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?        ☐ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

AO 241 (Rev. 09/17)

_____

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)     A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:     *reverse judgment or Any relief appropriate.*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on     *July 15 2024*     (month, date, year).

Executed (signed) on     *July 15 2024*     (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

IN THE UNITED STATES
EASTERN DISTRICT COURT

COREY BRANDON MORRISON
    Petitioner
        V,
THE STATE OF TEXAS
    Respondent

PETITION UNDER 28 U.S.C. § 2254
FOR WRIT OF HABEAS CORPUS

PETITIONER'S MEMORANDUM

COREY Brandon Morrison
#02440227
Hutchins
1500 E. Langdon RD
Dallas, TX 75241

i

# TABLE OF CONTENTS

TABLE OF CONTENTS _____ ii
INDEX OF AUTHORITIES _____ iii
Statement of the case _____ 2
Issues presented for Review _____ 2-3

1. Mental Incompetency Procedural Due Process / Ineffective Assistance of counsel claim _____ 6-8

2. Ineffective Assistance of counsel-State of Mind (insanity) defense claim _____ 8-10

3. Ineffective Assistance of counsel during Plea Negotiations 10-11

4. Ineffective Assistance of trial Counsel _____ 11-12

5. Deadly weapon finding challenge _____ 12

Statement of facts _____ 3-16
Summary of the Argument _____ 16
ARGUMENT AND AUTHORITIES _____ 6-18

CONCLUSION _____ 13

PRAYER _____ 13

CERTIFICATE OF SERVICE _____ 14

CERTIFICATE OF COMPLIANCE _____ 14

# INDEX OF AUTHORITIES

CASES

Genius v. Pepe, 50 F.3d 60 (1st Cir. 1995) _____ 9

Brown V. Sternes, 304 F.3d 677 (7th Cir. 2002) _____ 9-10

TEXAS CASES

Ex parte Imoudu, 284 S.W. 3d 866 (Tex Crim. App 2009) 9

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC§2254 (Rev. 9/17)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

# Petition for Relief From a Conviction or Sentence
# By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1. To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2. You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but *you must fill in the name of the state where the judgment was entered.* If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.

6. You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7. In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8. When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**